1
2
3
4

UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

RAFAEL RAMOS-MARTÍNEZ,

    Petitioner,

    v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. 13-1547 (JAF)

(Crim. No. 01-638)

5
6

**OPINION AND ORDER**

7        Petitioner Rafael Ramos-Martínez ("Ramos-Martínez") comes before the court

8    with a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence we

9    imposed in Crim. No. 01-638.  (Docket No. 1.)  Because Ramos-Martínez failed to obtain

10    certification from the First Circuit to file a successive petition, we deny the motion.

11                       **I.**

12                **Background**

13        On August 30, 2001, Ramos-Martínez was indicted for conspiracy to distribute

14    large quantities of heroin, cocaine, and cocaine base in violation of 21 U.S.C. §841(a)(1)

15    and 846.  (Crim. No. 01-638, Docket No. 2.)  The indictment also included a forfeiture,

16    should Ramos-Martínez be convicted.  Id.  On April 16, 2002, Ramos-Martínez pleaded

17    guilty to violating 21 U.S.C. § 846.  (Crim. No. 01-638, Docket No. 134.)  On

18    November 21, 2002, Judge Laffitte sentenced Ramos-Martínez to four hundred months

19    imprisonment, to be served consecutively with the sentence imposed in Crim. No. 01-57-

20    7(PG), followed by six years of supervised release and a fine of one hundred dollars.

21    (Crim. No. 01-638, Docket No. 134.)  On November 22, 2002, Ramos-Martínez filed a

Civil No. 13-1547 (JAF)                                                           -2-

1    notice of appeal.  (Crim. No. 01-638, Docket No. 137.)  On October 12, 2005, the First

2    Circuit entered judgment affirming his plea agreement and sentence.

3         On November 27, 2006, Ramos-Martínez filed a motion to vacate under 28 U.S.C.

4    § 2255.  (Crim. No. 01-638, Docket No. 194.)  Because Judge Laffitte retired, the case

5    was reassigned to our docket.  (Crim. No. 01-638, Docket No. 198.)  Ramos-Martínez

6    also filed a motion for retroactive application of the sentencing guidelines to his crack

7    cocaine offense.  (Crim. No. 01-638, Docket No. 206.)  On June 10, 2008, we denied

8    Ramos-Martínez's petition under Section 2255 because it had already begun as Civil

9    No. 06-2183 before Judge Delgado-Colón.  (Crim. No. 01-638, Docket No. 210.)  On

10   September 15, 2008, we denied Ramos-Martínez's motion to reduce his sentence

11   regarding the crack cocaine offense.  (Crim. No. 01-638, Docket No. 217.)  On

12   September 24, 2008, Ramos-Martínez gave notice that he was appealing our decision not

13   to reduce his sentence. (Crim. No. 01-638, Docket No. 218.)  On May 29, 2009, Ramos-

14   Martínez's related section 2255 petition before Judge Delgado-Colón was dismissed with

15   prejudice.  (Crim. No. 01-638, Docket No. 226.)  On July 23, 2009, Ramos-Martínez's

16   appeal before the First Circuit was dismissed for lack of diligent prosecution.  (Crim.

17   No. 01-638, Docket No. 228.)

18        On July 15, 2013, Ramos-Martínez filed the instant motion under 28 U.S.C.

19   § 2255 to vacate, set aside, or correct his sentence.  (Docket No. 1.)  On August 9, 2013,

20   the United States filed a response in opposition to his motion.  (Docket No. 3.)

21                                          **II.**

22                                   **<u>Legal Standard</u>**

23        Before filing a second or successive motion under Section 2255, a defendant

24   "shall move the appropriate court of appeals for an order authorizing the district court to

Civil No. 13-1547 (JAF)                                                             -3-

1    consider the application." 28 U.S.C. § 2244(b)(3)(A); <u>see also</u>, 28 U.S.C. § 2255 ("A

2    second or successive motion must be certified as provided in section 2244 by a panel of

3    the appropriate court of appeals…."). A district court lacks jurisdiction over a second or

4    successive petition unless the defendant obtains certification from the appropriate court

5    of appeals. <u>Trenkler v. United States</u>, 536 F.3d 85, 96 (1st Cir. 2008). Ramos-Martínez

6    submitted his first petition under Section 2255 on November 27, 2006, and the petition

7    was dismissed on May 29, 2009. (Civ. No. 06-2183-ADC-MEL, Docket Nos. 1, 21).

8    Ramos-Martínez has not obtained certification from the First Circuit to file a successive

9    petition and, therefore, we lack jurisdiction to rule on this motion.

10                                          **III.**

11                           **<u>Certificate of Appealability</u>**
12

13         In accordance with Rule 11 of the Rules Governing § 2255 Proceedings, whenever

14   issuing a denial of § 2255 relief we must concurrently determine whether to issue a

15   certificate of appealability ("COA"). We grant a COA only upon "a substantial showing

16   of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing,

17   "[t]he petitioner must demonstrate that reasonable jurists would find the district court's

18   assessment of the constitutional claims debatable or wrong." <u>Miller-El v. Cockrell</u>, 537

19   U.S. 322, 338 (2003) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)). While

20   Ramos-Martínez has not yet requested a COA, we see no way in which a reasonable

21   jurist could find our assessment of his constitutional claims debatable or wrong. Ramos-

22   Martínez may request a COA directly from the First Circuit, pursuant to Rule of

23   Appellate Procedure 22.

Civil No. 13-1547 (JAF)                                                               -4-

1                                                **V.**

2                                          **<u>Conclusion</u>**

3        For the foregoing reasons, we hereby **DENY** Ramos-Martínez's § 2255 motion

4    (Docket No. 1).   Pursuant to Rule 4(b) of the Rules Governing § 2255 Proceedings,

5    summary dismissal is in order because it plainly appears from the record that Ramos-

6    Martínez is not entitled to § 2255 relief from this court.

7        **IT IS SO ORDERED.**

8        San Juan, Puerto Rico, this 28th day of February, 2014.

9                                                          <u>S/José Antonio Fusté</u>
10                                                         JOSE ANTONIO FUSTE
11                                                         U. S. DISTRICT JUDGE